1  JOHN R. COGORNO - Bar No. 63966
2  Attorney at Law
   14121 Beach Boulevard
3  Westminster, California 92683
   email: cogorno@msn.com
4  Telephone: (714) 892-2936
5  Facsimile:  (714) 892-5806

6  Attorney for Claimant/Real Party In Interest Lonnie Kocontes
7

8                  UNITED STATES DISTRICT COURT
9
           CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION
10

11  UNITED STATES OF AMERICA              )        CASE NO.  SACV09 -716 JVS (MLGx)
                                          )
12        Plaintiff,                      )
                                          )        VERIFIED ANSWER TO COMPLAINT FOR
13  vs.                                   )        FORFEITURE AND DEMAND FOR JURY
                                          )        TRIAL
14                                        )
15  REAL PROPERTY IN SAFETY               )
    HARBOR, FLORIDA                       )
16                                        )
          Defendant(s)                    )
17  _____)
                                          )
18  LONNIE KOCONTES                       )
                                          )
19        Claimant/Real Party In Interest )
20  _____)

21        COMES NOW, Claimant/Real Party in Interest LONNIE KOCONTES , without waiving his

22  Fifth Amendment Rights (See Criminal Duty Filing: CR Misc. No. 09-00083) responding to the
23
24  Complaint for Forfeiture against the defendant property to wit: REAL PROPERTY IN SAFETY

25  HARBOR, FLORIDA on file herein admit, deny and allege as follows:.

26        1.      This responding Claimant has insufficient knowledge or information to form a
27
28  belief as to the truth of the allegations contained in paragraphs 1, 2 and 3, inclusive, of the

                              1     Claimant's Verified Answer To Complaint For Forfeiture

Complaint herein, and on that basis denies generally and specifically each and every allegation contained in said paragraphs and the whole thereof.

2.    This responding Claimant denies generally and specifically each and every allegation contained in paragraphs 16, 17, 18, 19, 20, and the whole thereof.

3.    This responding Claimant admits the allegations in paragraphs 4, 5, 5.1, 9 and 11 of the complaint.

4.    This responding Claimant responds to paragraph 6 as follows:

Claimant has insufficient knowledge or information to form a belief as to the truth in the allegations and on that basis denies generally and specifically each and every allegation and the whole thereof in sentence one that "The FBI is investigating the murder of Miki Kanesaki which occurred on the high seas while Kanesaki was a passenger on a cruise ship"; Claimant admits (1) in that he is "an attorney" and "met Kaneski while they both worked at a law firm in Los Angeles, and they married on or about November 1995"; Claimant denies generally and specifically each and every allegation and the whole thereof for (2) "Kanesaki was a millionaire"; and (3) "in 2000, the law firm fired Kocontes"; Claimant admits that he (3) "was arrested" and charged as alleged, but not convicted; Claimant admits that he (4) "and Kanesaki subsequently divorced" and "continued to live together"; Claimant cannot answer what is meant by their (5) relationship "deteriorated" and therefore has insufficient knowledge or information to form a belief as to the truth in the allegation and on that basis denies generally and specifically each and every allegation and the whole thereof as to "deteriorated"; Claimant admits that he (6) "and Kanesaki had numerous verbal altercations" some of which

led to Kanesaki's arrest on two occasions; Claimant admits that he (7) and Kanesaki executed "joint wills"; Claimant admits that he (8) "booked a Mediterranean cruise for himself and Kanesaki" at her request; Responding Claimant denies generally and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

5.    This responding Claimant responds to paragraph 7 as follows:

Claimant admits the first sentence on page 3, lines 19 to 21; Claimant has insufficient knowledge or information to answer second sentence, page 3 lines 21 to 22, to form a belief as to the truth of the allegation and on that basis denies generally and specifically each and every allegation and the whole thereof as to whether or not "the cruise ship was traveling in international waters on May 25th and 26th, 2008"; Claimant admits sentences three, four and five, page 3, lines 22 to 27, that Kanesaki was last seen on May 25th and that Kocontes contacted ship personnel and informed them that she was missing, that a search failed to locate her and that Kocontes was interviewed. Responding Claimant denies generally and specifically each and every allegation and the whole thereof in the sixth sentence, page 3, lines 27 to 28 and page 4 lines 1 and 2, that Kocontes' accounts of his last known whereabouts and activities were "inconsistent with the physical and other evidence known and later discovered." Responding Claimant admits to the sentence, page 4, lines 2 to 3 that he returned home by plane to Los Angeles, but lacks information and belief and on that basis denies in the whole thereof that he did so "before the authorities' search for Kanesaki was complete" This responding Claimant denies generally and specifically each and every allegation and the whole

3        Claimant's Verified Answer To Complaint For Forfeiture

thereof contained in sentences eight and nine, page 4, lines 4 through 9. This responding Claimant has insufficient knowledge or information to form a belief as to the truth in the allegations and on that basis denies generally and specifically each and every allegation and the whole thereof for sentence ten, page 4, lines 9 to 10 that a subsequent autopsy report indicated death by strangulation. Responding Claimant denies generally and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

6.    This responding Claimant responds to paragraph 8 as follows:

This responding Claimant denies generally and specifically each and every allegation and the whole thereof that Kanesaki had a "trust fund." Responding Claimant does admit that following Kanesaki's death "Kocontes obtained full control over" accounts jointly held and other assets that he was entitled to under the provisions of Kanesaki's will. Responding Claimant denies generally and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

7.    This responding Claimant responds to paragraph 10 as follows:

This responding Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Kanesaki was "murdered" and on that basis denies generally and specifically that allegation and the whole thereof. This responding Claimant admits each and every other allegation with the clarification that Kocontes and Kanesaki both equally shared and used the same sign on for online banking. Responding Claimant denies generally

4

and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

8.    This responding Claimant responds to paragraph 12 as follows:

This responding Claimant denies generally and specifically each and every allegation contained in the first sentence, page 6, lines 6 to 8 and the whole thereof.  Responding Claimant admits the second sentence through the fifth sentence, page 6, sub-paragraph (1) and lines 9 to 19; Responding Claimant denies generally and specifically each and every allegation contained in the sixth sentence, page 6, sub-paragraph (2), lines 19 to 23 and the whole thereof.    Responding Claimant denies generally and specifically each and every work, statement, sentence and allegation not specifically admitted herein and the whole thereof.

9.    This responding Claimant responds to paragraph 13 as follows:

This responding Claimant denies generally and specifically each and every allegation contained in the first sentence, page 6, lines 24 to 26 and the whole thereof.  This responding Claimant admits that his B of A account was closed and that he was issued a cashier's check. Responding Claimant denies generally and specifically each and every work, statement, sentence and allegation not specifically admitted herein and the whole thereof.

10.    This responding Claimant responds to paragraph 14 as follows:

This responding Claimant admits the first sentence, page 7, lines 1 to 3,  that he deposited said B of A cashier's check in said "joint" bank account with his wife on October 24, 2008; Responding Claimant denies generally and specifically each and every allegation contained in sentences two through four, page 7, lines 3 to 10, of the Complaint and the whole

thereof.  Responding Claimant admits sentence five, page 7, lines 10 to 13.  Responding Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in sentence six, page 7, lines 13 to 14 and on that basis denies generally and specifically each and every allegation contained in said sentence and the whole thereof.  Responding Claimant admits sentence seven, page 7, lines 14 to 16.  Responding Claimant denies generally and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

11.    This responding Claimant responds to paragraph 15 as follows:

This responding Claimant admits the first sentence, page 7, lines 17 to 19 and that he endorsed said check which was a referenced for overpayment of taxes Kocontes had paid prior to said date.  Responding Claimant denies generally and specifically each and every word, statement, sentence and allegation not specifically admitted herein and the whole thereof.

### FIRST AFFIRMATIVE DEFENSE

12.    Claimant alleges that the allegations as alleged in the Complaint for Forfeiture, are inapplicable to this defendant property, and in addition, this Honorable Court is without territorial and subject matter jurisdiction to make any order except to deny the Complaint for Forfeiture and order said property returned to said claimant.

### SECOND AFFIRMATIVE DEFENSE

13.    Plaintiff's Complaint on file herein fails to state facts sufficient to state a cause of action for forfeiture and for relief against the Defendant property claimed by claimant herein.

1

### THIRD AFFIRMATIVE DEFENSE

2

3

4

     14.    Claimant alleges that 18 U.S.C. Section 981 (a) (1) (c), 18 U.S.C. Section 1956 (c) (7) and 1961 (1) and 18 U.S.C. Section 1111 as alleged, plead and combined for purposes

5

of "Claim for Relief" in the Complaint against the property of this answering Claimant is

6

unconstitutional per se and as applied. The Government has no "right of Kings" under the Fifth

7

8

Amendment to the United States Constitution to deny this owner/claimant the right to property,

9

liberty and due process of law protection, nor the right to seize said property under the

10

protection of the Fourth Amendment to the United States Constitution for the purpose of "fines

11

12

and penalties" which is a "punitive" action, prior to a Grand Jury convening, Indictment and any

13

conviction of the owner/claimant for which said "fines and penalties" are to be assessed, if at

14

all. Any pre-seizure of said property prior to any Grand Jury convening, Indictment and

15

16

conviction of the owner/claimant of said property further denies the claimant from retaining

17

counsel of his choice under the protection of the Sixth Amendment to the United States

18

Constitution.

19

### FOURTH AFFIRMATIVE DEFENSE

20

21

     15.    Claimant alleges that seizure and forfeiture of the Defendant property herein

22

constitutes a violation of Claimant's Eight Amendment right of prohibition against

23

disproportionate punishment and excessive fines and penalties in that such forfeiture

24

constitutes punishment disproportionate to any alleged crime herein.

25

26

27

28

7     Claimant's Verified Answer To Complaint For Forfeiture

1

## FIFTH AFFIRMATIVE DEFENSE

2

16.    The plaintiff lacks probable cause for institution of this Complaint for forfeiture

3

4    against the defendant property and lacks probable cause to support the alleged claims for relief

5    in the Complaint herein.

6

## SIXTH AFFIRMATIVE DEFENSE

7

17.    The Plaintiff should be estopped from asserting its alleged rights to claim,

8

9    possess, maintain, control or assert legal ownership of Claimant's property herein referred to

10    as the defendant property, during the course of litigation over the issue of seizure and forfeiture

11    of said property in that Plaintiff has failed to act promptly in filing this Complaint for forfeiture

12

13    and thereby has waived any alleged legal rights.

14

## SEVENTH AFFIRMATIVE DEFENSE

15

18.    Claimant herein has not been convicted of any crime or violation of any law in

16

17    relation to the seizure of said defendant property.  Since Claimant is legally entitled to possess

18    said defendant property, and was so at the time of the seizure, Claimant should be allowed to

19    retain possession of said Defendant property, unless due process through this Court should

20

21    ever order otherwise.  Therefore, Plaintiff should be estopped from asserting its rights to claim,

22    possess, maintain, control or assert legal ownership of Claimant's property herein.  Claimant

23    hereby requests that Plaintiff be required to obtain and maintain a substantial bond during the

24    litigation of this action in order to adequately cover Claimant's  attorney's fees and court costs

25

26    due to the fact that this is a prejudgment seizure.

27

28

8    Claimant's Verified Answer To Complaint For Forfeiture

## EIGHTH AFFIRMATIVE DEFENSE

19.    Said Claimant has no knowledge of, nor gave consent to, the allegations contained in each paragraph of the Complaint as to this defendant property, and Claimant was and is the legal owner and had the right to possess said Defendant property.

## NINTH AFFIRMATIVE DEFENSE

20.    Plaintiff should be equitably estopped from unjustly enriching itself with Claimant's property, the Defendant herein.

## TENTH AFFIRMATIVE DEFENSE

21.    Plaintiff should be barred from pursuing this Complaint for forfeiture against the Defendant property pursuant to the applicable statute of limitations and the equitable doctrine of laches and delay.

## ELEVENTH AFFIRMATIVE DEFENSE

22.    Claimant alleges that there is no substantial connection or nexus between the allegations contained in Plaintiff's Complaint and the Defendant property herein and the alleged claims for relief.

WHEREFORE, Claimant prays as follows:

1.    That the Defendant property not be ordered forfeited;

2.    That the Claimant's interest in the Defendant property not be ordered forfeited;

3.    For costs of suit, attorney's fees if applicable;

9

1    4.    That Plaintiff be required to obtain and maintain a substantial bond during the

2  litigation of this action in order to adequately cover Claimant's attorney's fees and court costs

3

4  due to the fact that this is a prejudgment seizure;

5    5.    For such other and further relief as the court may deem just and proper.

6                              **DEMAND FOR JURY**

7

8        Claimant herein hereby demands a jury trial.

9  DATED: ____8/7/09____

10                                              JOHN R. COGORNO, Attorney for
                                                Claimant/Real Party in Interest
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              10

## VERIFICATION

STATE OF CALIFORNIA

I have read the foregoing **Verified Answer To Complaint For Forfeiture**
and know its contents.

### [X] CHECK APPLICABLE PARAGRAPH

[ X ]    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am ☐ an Officer ☐ a partner _____ ☐ a _____ of ___ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on __8/7_____, 2009 in the City of _Safety Harbor_____, State of Florida.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

LONNIE KOCONTES
Type or Print Name

Signature

1     <u>CERTIFICATION OF SERVICE</u>

2         I, certify under penalty of perjury, that I filed the forgoing document with the clerk of

3     the court. The CM/ECF system will automatically send e-mail notification of such filing to the

4     following attorneys of record:

5

6     Frank D. Kortum, Assistant United States Attorney
    Office of United States Attorney
7     1400 United States Courthouse
    312 North Spring Street
8     Los Angeles, California 90012
    email: frank.kortum@usdoj.gov
9

10    Lynne Patterson, Esq.,
    MENDOZA & ASSOCIATES
11    1100 South Coast Highway, Ste 211
    Laguna Beach, CA 92651
12    email: LP4law@aol.com

13

14        Executed this 9th day of August, 2009

15
                                  <u>s/ Beth A. Spillman</u>
16                                      Beth A. Spillman

17

18

19

20

21

22

23

24

25

26

27

28